# **Composite Exhibit A**

## DECLARATION OF THOMAS P. BURKE JR.

I, Thomas P. Burke Jr., declare as follows:

1.     I am a partner at the law firm of Pietz & Shahriari, LLP, counsel for Defendants Shein Distribution Corporation and Zoetop Business Co., Ltd. in the above-captioned matter. I am a duly licensed attorney admitted to practice in the State of California. I am a member in good standing of the State Bar of California and my application to appear *pro hac vice* in this matter is forthcoming. I have personal knowledge of the facts set forth in this declaration, and if called to testify as a witness, could and would do so competently.

2.     I submit this declaration in support of Defendant Zoetop Business Co., Ltd.'s Motion to Dismiss Pursuant to Rule 12(b)(5) or, in the Alternative, to Quash Service in the following cases: *Fichera v. Zoetop Business Co., Ltd., et al.*, Case No. 1:23-cv-20417-RAR; *Osinnowo v. Zoetop Business Co., Ltd., et al.*, Case No. 1:23-cv-20444-KMW; *G&S Prints Pte. Ltd. v. Zoetop Business Co., Ltd., et al.*, Case No. 1:23-cv-20471-BB; *Minoza v. Zoetop Business Co., Ltd., et al.*, Case No. 1:23-cv-20434-CMA; and *Golebiowski v. Zoetop Business Co., Ltd., et al.*, Case No. 1:23-cv-20433-KMW.

3.     Attached hereto as Exhibit 1 is a true and correct copy of an email chain between counsel for Defendants and counsel for Plaintiff in the cases identified in the preceding paragraph, with certain portions of the February 6, 2023 email from Morgan Pietz redacted on the grounds that they pertain to confidential settlement communications. (The highlighting that appears in this chain was added by me in my March 3, 2023 email.) On February 6, 2023, my colleague Morgan Pietz offered to waive service on Defendants. On February 7, 2023, counsel for Plaintiff indicated that she would send the waiver forms the following day. On March 3, 2023, I wrote to counsel for Plaintiff, reiterating our offer to waive service on Zoetop. On March 17, 2023, I wrote to counsel for Plaintiff, advising them that Plaintiff's service on Zoetop was not valid under Federal Rule of Civil Procedure, Rule 4, and once again offered to waive service. I have received no response to my email of March 17, 2023.

4.      Attached hereto as Exhibit 2 is a true and correct copy of Zoetop Business Co., Ltd.'s Corporate Disclosure Statement filed in the case *Flynn v. Zoetop Business Co., Ltd., et al.*, Case No. 1:22-cv-23604-KMM on December 12, 2022 as ECF No. 10.

5.      Attached hereto as Exhibit 3 is a true and correct copy of Defendants' Answer and Affirmative Defenses filed in the case *Flynn v. Zoetop Business Co., Ltd., et al.*, Case No. 1:22-cv-23604-KMM on January 23, 2023 as ECF No. 17.

6.      Attached hereto as Exhibit 4 is a true and correct copy of Shein Distribution Corporation's July 29, 2022 Statement of Information, obtained from the California Secretary of State website on March 22, 2023 at the following URL:

https://bizfileonline.sos.ca.gov/api/report/GetImageByNum/24214018823909504709402612904 1021114120026051231

7.      Attached hereto as Exhibit 5 is a true and correct copy of Shein Distribution Corporation's July 29, 2022 Statement of Information, obtained from the California Secretary of State website on March 22, 2023 at the following URL:

https://bizfileonline.sos.ca.gov/api/report/GetImageByNum/18601018320002322921901301812 3109019166190084160


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of March 2023 in Los Angeles, California.

Thomas P. Burke Jr.

# Exhibit 1

**Thomas Burke**

| | |
|---|---|
| **From:** | Thomas Burke |
| **Sent:** | Friday, March 17, 2023 1:45 PM |
| **To:** | Layla Nguyen; Morgan Pietz; Admin; Mandy Chen |
| **Cc:** | Joel Rothman; Lindsey Colyer; Lena Carballo Alvisa; Oliver Ruiz; Cleo Suero |
| **Subject:** | RE: Follow Up With Cease & Demand Letters- Ann Marie Bone, Dona Gelsinger, Christopher Golebiowski, G&S Prints, Francis Minoza, Kenny Osinnowo, and Martina Fichera |

Layla and Joel – I inadvertently omitted the Minoza case from my list below. Please be advised that my email below should apply to that case as well. We hope to hear back from you soon.

Tom Burke

PIETZ & SHAHRIARI, LLP

*This transmission is from a law firm and may contain information that is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at the telephone number above.*

---

**From:** Thomas Burke
**Sent:** Friday, March 17, 2023 10:15 AM
**To:** Layla Nguyen <layla.nguyen@sriplaw.com>; Morgan Pietz <morgan@pstrials.com>; Admin <admin@pstrials.com>; Mandy Chen <mandy@pstrials.com>
**Cc:** Joel Rothman <joel@sriplaw.com>; Lindsey Colyer <lindsey.colyer@sriplaw.com>; Lena Carballo Alvisa <lena.carballo@sriplaw.com>; Oliver Ruiz <oruiz@malloylaw.com>; Cleo Suero <CSuero@malloylaw.com>
**Subject:** RE: Follow Up With Cease & Demand Letters- Ann Marie Bone, Dona Gelsinger, Christopher Golebiowski, G&S Prints, Francis Minoza, Kenny Osinnowo, and Martina Fichera

Layla and Joel,

Based on the declarations of service filed by your office, Zoetop's responses to the complaints in the Fichera, Osinnowo, G&S, and Golebiowski cases are due next week. Our position, for the reasons explained below, is that plaintiffs' service on Zoetop is not valid under Rule 4. Please advise by the end of today if you would like to reconsider our offer and effect service through a waiver in these cases.

We are unaware of any other instances where Zoetop has been served at the Alameda Street address. If you contend that Zoetop has been effectively served at that address before, please send along case numbers and copies of the proofs of service, and we will review them. Please be advised, though, that just because Zoetop may have waived this issue in the past does not mean it will do so in these cases.

Again, I reiterate Zoetop's willingness to waive service of the summonses (Form AO 399) in these cases. Please let us know **by the end of today** if you and your clients are willing to send waiver forms. If not, we will commence work on challenging the validity of the service in these cases by formal motion.

Thank you,

Tom Burke

PIETZ & SHAHRIARI, LLP

*This transmission is from a law firm and may contain information that is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this*

*message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at the telephone number above.*

**From:** Layla Nguyen <layla.nguyen@sriplaw.com>
**Sent:** Monday, March 6, 2023 7:42 AM
**To:** Thomas Burke <tom@pstrials.com>; Morgan Pietz <morgan@pstrials.com>; Admin <admin@pstrials.com>; Mandy Chen <mandy@pstrials.com>
**Cc:** Joel Rothman <joel@sriplaw.com>; Lindsey Colyer <lindsey.colyer@sriplaw.com>; Lena Carballo Alvisa <lena.carballo@sriplaw.com>; Oliver Ruiz <oruiz@malloylaw.com>
**Subject:** RE: Follow Up With Cease & Demand Letters- Ann Marie Bone, Dona Gelsinger, Christopher Golebiowski, G&S Prints, Francis Minoza, Kenny Osinnowo, and Martina Fichera

Hi Thomas,

I did offer to send the waiver forms originally but my clients did not authorize it, so I was instructed to go forward with personal service of process.

We successfully served Zoetop last week in the pending cases, just waiting for our process server to send over the proof of service for filing. We successfully served Zoetop at that Alameda address previously without any issue.



**Florida | Los Angeles | New York | Atlanta | Nashville**
**Layla Nguyen**
Associate
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (561) 826-6924
layla.nguyen@sriplaw.com
**www.sriplaw.com**

**From:** Thomas Burke <tom@pstrials.com>
**Sent:** Friday, March 3, 2023 3:56 PM
**To:** Layla Nguyen <layla.nguyen@sriplaw.com>; Morgan Pietz <morgan@pstrials.com>; Admin <admin@pstrials.com>; Mandy Chen <mandy@pstrials.com>
**Cc:** Joel Rothman <joel@sriplaw.com>; Lindsey Colyer <lindsey.colyer@sriplaw.com>; Lena Carballo Alvisa <lena.carballo@sriplaw.com>; Oliver Ruiz <oruiz@malloylaw.com>
**Subject:** RE: Follow Up With Cease & Demand Letters- Ann Marie Bone, Dona Gelsinger, Christopher Golebiowski, G&S Prints, Francis Minoza, Kenny Osinnowo, and Martina Fichera

Layla,

We understand your office has been attempting to personally serve Zoetop and/or its agents. You had previously represented that you would send waiver forms for both defendants in these cases. That didn't happen for SDC, and you'll note that SDC answered the Fichera, Osinnowo, G&S, and Golebiowski complaints yesterday. If you would like to avoid the hassle and expense of serving Zoetop, our offer remains open.

If you decline to send the waiver forms, I'll remind you that Zoetop is a Hong Kong entity, and you will be required to effect service consistent with Fed. R. Civ. P. 4(h). The Alameda St. address listed on the summonses you've prepared is not Zoetop's address; rather, SDC is located on Alameda St., though its suite number is 340.

Sincerely,

Tom Burke
PIETZ & SHAHRIARI, LLP

*This transmission is from a law firm and may contain information that is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at the telephone number above.*

---

**From:** Layla Nguyen <layla.nguyen@sriplaw.com>
**Sent:** Tuesday, February 7, 2023 5:49 AM
**To:** Morgan Pietz <morgan@pstrials.com>; Thomas Burke <tom@pstrials.com>; Admin <admin@pstrials.com>; Mandy Chen <mandy@pstrials.com>
**Cc:** Joel Rothman <joel@sriplaw.com>; Lindsey Colyer <lindsey.colyer@sriplaw.com>; Lena Carballo Alvisa <lena.carballo@sriplaw.com>; Oliver Ruiz <oruiz@malloylaw.com>
**Subject:** Re: Follow Up With Cease & Demand Letters- Ann Marie Bone, Dona Gelsinger, Christopher Golebiowski, G&S Prints, Francis Minoza, Kenny Osinnowo, and Martina Fichera

==I'm out of office today but will send the waiver forms tomorrow.==

**Florida | Los Angeles | New York | Atlanta | Nashville**
**Layla Nguyen**
Associate
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct (561) 826-6925
layla.nguyen@sriplaw.com
**www.sriplaw.com**
Sent from my iPhone

**From:** Morgan Pietz <morgan@pstrials.com>
**Sent:** Monday, February 6, 2023 9:14:44 PM
**To:** Layla Nguyen <layla.nguyen@sriplaw.com>; Thomas Burke <tom@pstrials.com>; Admin <admin@pstrials.com>; Mandy Chen <mandy@pstrials.com>
**Cc:** Joel Rothman <joel@sriplaw.com>; Lindsey Colyer <lindsey.colyer@sriplaw.com>; Lena Carballo Alvisa <lena.carballo@sriplaw.com>; Oliver Ruiz <oruiz@malloylaw.com>
**Subject:** RE: Follow Up With Cease & Demand Letters- Ann Marie Bone, Dona Gelsinger, Christopher Golebiowski, G&S Prints, Francis Minoza, Kenny Osinnowo, and Martina Fichera

FRE 408

Layla,

Thanks for your email.

Apparently you have been busy filing complaints in these cases.  Please be advised that this office will waive service of complaints in these matters for SDC and Zeotop.  If you insist on personally serving those entities despite my offer (as you have done previously), then please do at least provide us with courtesy copies, once you have effected service.

Best regards,
Morgan


Morgan E. Pietz
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Ave., 2nd Floor
Culver City, CA 90230
morgan@pstrials.com
(310) 424-5557


*This transmission is from a law firm and may contain information that is privileged, confidential, and protected by the attorney-client or attorney work product privileges.  If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you have received this transmission in error, please destroy it and notify us immediately at the telephone number above.*

# **<u>Exhibit 2</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-23604-KMM

DANNY FLYNN,

       Plaintiff,

v.

ZOETOP BUSINESS CO., LIMITED, a Hong Kong
limited company and SHEIN DISTRIBUTION CORP.,
a Delaware corporation,

       Defendants.

_____/

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed.R.Civ.P. 7.1, Defendant ZOETOP BUSINESS CO., LIMITED hereby discloses that it is a private Hong Kong company with no operating parent company and no publicly held corporation owns 10% or more of its stock.

Respectfully submitted,

Dated: December 13, 2022

Oliver Alan Ruiz
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
Cleo I. Suero
Florida Bar No. 1,024,675
csuero@malloylaw.com
**MALLOY & MALLOY P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

and

Morgan E. Pietz, *Pro Hac Vice Pending*
morgan@pstrials.com

1

Thomas Burke, *Pro Hac Vice Pending*
[tom@pstrials.com](tom@pstrials.com)
**PIETZ & SHAHRIARI, LLP**
6700 S. Centinela Ave., 2nd Floor
Culver City, CA 90230
Telephone: (310) 424-5557

*Counsel for Defendants*

# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-23604-KMM

DANNY FLYNN,

      Plaintiff,

v.

ZOETOP BUSINESS CO., LIMITED, a Hong Kong
limited company and SHEIN DISTRIBUTION CORP.,
a Delaware corporation,

      Defendants.

_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

      Defendants Zoetop Business Co., Limited ("Zoetop") and Shein Distribution Corp.

("SDC") (collectively referred to as "Defendants") hereby answer the Complaint of Plaintiff

Danny Flynn ("Plaintiff"), raise certain affirmative defenses, and demand trial by jury as

follows:

### JURISDICTION AND VENUE

      1.     Defendants admit that Plaintiff has purported to allege claims for copyright

infringement under the Copyright Act, but Defendants deny that those claims have merit.

      2.     Defendants admit that this Court has subject matter jurisdiction over this action

under 28 U.S.C. § 1331 and 1338(a), but Defendants deny that this action has merit.

      3.     Defendants deny that Plaintiff has conclusively established that Defendants are

subject to personal jurisdiction in Florida, but for purposes of this action only, Defendants do not

contest personal jurisdiction. Except as expressly admitted or denied, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in this paragraph, such that the allegations are deemed denied.

1

4.      Defendants deny that Plaintiff has conclusively established that venue is proper in this District, but for purposes of this action only, Defendants do not contest venue is proper. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, such that the allegations are deemed denied.

## PARTIES

5.      Defendants admit that Plaintiff has purported to allege claims for copyright infringement under the Copyright Act, but Defendants deny that those claims have merit.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

7.      Zoetop admits it is a Hong Kong limited company; Zoetop denies the remaining allegations of this paragraph. SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, such that the allegations are denied.

8.      SDC admits that it is a Delaware corporation; otherwise denied. Zoetop is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is denied.

9.      SDC admits to doing business in the United States as "Shein"; as to Zoetop, denied. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, such that the allegations are deemed denied.

10.     Zoetop admits it was founded in 2008; as to SDC, denied. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, such that the allegations are deemed denied.

2

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

## THE COPYRIGHTED WORK AT ISSUE

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

## INFRINGEMENT BY DEFENDANTS

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

23.     Denied.

24.     Denied.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

26.     Denied.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

28.     Defendants admit that they received correspondence from Plaintiff; otherwise denied.

## COUNT I

## COPYRIGHT INFRINGEMENT

29.     To the extent this paragraph requires an answer, Defendants respond to each allegation as set forth above.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## **PRAYER FOR RELIEF**

36.     To the extent Defendants are required to respond to the prayer for relief, Defendants deny that Plaintiff is entitled to the relief sought in paragraphs a. to f. of the prayer for relief or to any relief whatsoever.

## **GENERAL DENIAL**

37.     Defendants hereby deny each and every allegation, claim, or prayer for relief except as expressly admitted herein and demand strict proof thereof.

## **AFFIRMATIVE DEFENSES**

For their affirmative defenses, and without altering any applicable burdens, Defendants allege that Plaintiff's claims are barred, in whole, or in part, as follows:

### **FIRST DEFENSE:**
### **Independent Creation / No Copying**

38.     To the extent that Plaintiff's allegedly original design at issue (the "Copyright In Suit") is similar to Defendants' products, any such similarities are not the result of any actual copying of Plaintiff's design by Defendants or their agents. Rather, on information and belief, the designs appearing on products allegedly sold by Defendants were independently created by Defendants' vendors, or their upstream suppliers, designers, agents, or factories, based on preexisting, public-domain materials.

### **SECOND DEFENSE:**
### **Knowledge, Consent, and Acquiescence**

39.     On information and belief, Plaintiff's claims are barred in whole or in part by Plaintiff's knowledge, consent, and acquiescence, with respect to the alleged infringement, which Plaintiff was aware of and in fact took steps to help facilitate.

### **THIRD DEFENSE:**
### **Failure to Mitigate**

40.     On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff was aware that the allegedly original copyrighted design it purports to own was being

5

allegedly infringed online, and purposefully avoided taking steps that might mitigate the spread of infringement.

### FOURTH DEFENSE:
### Misuse of Copyright

41.     On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff's tactics of permitting or inducing—and then aggressively policing—infringements constitute copyright misuse.   The defense of misuse "need not even be grounded in anti-competitive behavior and extends to any situation implicating 'the public policy embodied in the grant of a copyright.'"   *Disney Enters., Inc. v. Redbox Automated Retail, LLC*, No. 17-cv-08655-DDP(AGRx), slip op. at 16-17 (C.D. Cal. Feb. 20, 2018) (order denying motion for preliminary injunction) (quoting *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 699-700 (9th Cir. 2015) (Wardlaw, J. concurring)).

42.     The underlying policy of copyright law's "statutory monopoly" recognizes that "private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975).   While copyright plaintiffs enjoy a limited monopoly over their works, the use of infringement lawsuits as a business model reduces the choices available to consumers, frustrating the policy goals of copyright.

### FIFTH DEFENSE:
### Intervening Acts

43.     On information and belief, Plaintiff's claims are barred in whole or in part because the damages complained of were the result of intervening actions of others and were not proximately caused by the actions or omissions of Defendants.

## SIXTH DEFENSE:
### Innocent Intent

[17 U.S.C. § 504(c)(2)]

44.     Plaintiff's damages, if any, are limited because Defendants were not aware and had no reason to believe that their acts constituted an infringement of copyright.

## SEVENTH DEFENSE:
### Fair Use

45.     Plaintiff's claims are barred in whole or in part by the doctrine of fair use in that the subject garment designs sold by Defendants were transformative and constitute new and unique artistic expressions as compared to the original elements, if any, of the Copyright In Suit.

## EIGHTH DEFENSE:
### *De Minimis* Infringement

46.     Plaintiff's claims are barred in whole or in part because any copying of original elements or other violations of rights which may have occurred was *de minimis*.

## NINTH DEFENSE:

### Failure to State a Claim Upon Which Relief Can be Granted
[Fed. R. Civ. P. 12(b)(6)]

47.     Plaintiff has failed to state a claim upon which relief can be granted.

## TENTH DEFENSE:

### Failure to Join a Party Under Rule 19
[Fed. R. Civ. P. 12(b)(7)]

48.     On information and belief, Plaintiff may have failed to join a required party, however, the identity of such a party is presently unknown to Defendants.

7

## ELEVENTH DEFENSE:
## Lack of Volitional Conduct

49.     Plaintiffs' claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendants.

## TWELFTH DEFENSE:
## Statute of Limitations

50.     Plaintiff's claims are barred in whole or in part to the extent they were brought after the expiration of the applicable statutes of limitations.  *See* U.S.C.A. § 507(b).

## THIRTEENTH DEFENSE:
## Doctrine of Laches

51.      "[I]n extraordinary circumstances, laches may, at the very outset of the litigation, curtail the relief equitably awarded.  For example, where owners of a copyrighted architectural design, although aware of an allegedly infringing housing project, delayed suit until the project was substantially constructed and partially occupied, an order mandating destruction of the project would not be tolerable.  [Citation omitted].  Nor, in the face of an unexplained delay in commencing suit, would it be equitable to order "total destruction" of a book already printed, packed, and shipped. [Citation omitted.]"  *Petrella v. Metro-Goldwyn-Mayer, Inc.*  (2014) 572 U.S. 663, 665-66.

52.     On information and belief, Plaintiff's claims are barred in whole or in part by the Doctrine of Laches because Plaintiff routinely made purchases, and in some instances, purchases were made many years in advance of serving a cease-and-desist letter, filing suit, or otherwise giving notice to Defendants by Plaintiff.

## FOURTEENTH DEFENSE:

### Equitable Estoppel

53.     On information and belief, Plaintiff knew, should have known, or was willfully blind to the facts of Defendants' allegedly infringing conduct.

54.     On information and belief, Plaintiff intended that its conduct be acted upon, or it acted so that Defendants, and each of them, had a right to believe that Plaintiff intended for its conduct to be acted upon. Specifically, Plaintiff, or his agents, induced the infringement of his copyrighted designs by actively trying to ensure that his designs were made available online, without attribution or copyright notice, and distributed throughout the world, so that the designs could then serve as the basis for copyright lawsuits when products bearing the designs were imported and sold in United States. Or, at the very least, Plaintiff failed to take appropriate and reasonable action, for a prolonged period of time, that would have helped stop dissemination of Plaintiff's supposedly proprietary and original designs into marketplace.

55.     Defendants were ignorant of the true facts of Plaintiff's inducement, inaction, and other conduct.

56.     Defendants relied upon Plaintiff's inducement, inaction, and other conduct to their injury.

### ADDITIONAL DEFENSES:

57.     Defendants reserve the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**WHEREFORE**, Defendants hereby pray that Plaintiff takes nothing on its complaint and that Defendants recovers their costs, including attorney's fees under the Copyright Act, and such other further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all issues so triable, per Fed. R. Civ. P. 38 and the Seventh Amendment to the U.S. Constitution.

Respectfully submitted,

Dated: January 23, 2023

Oliver Alan Ruiz
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
Cleo I. Suero
Florida Bar No. 1,024,675
csuero@malloylaw.com
**MALLOY & MALLOY P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

and

Morgan E. Pietz, *Pro Hac Vice Pending*
morgan@pstrials.com
Thomas P. Burke Jr., *Pro Hac Vice Pending*
tom@pstrials.com
**PIETZ & SHAHRIARI, LLP**
6700 S. Centinela Ave., 2nd Floor
Culver City, CA 90230
Telephone: (310) 424-5557

*Counsel for Defendants*

10

# Exhibit 4

BA20220593801

B0964-9221 07/29/2022 6:17 PM Received by California Secretary of State



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION CORPORATION
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

# -FILED-

File No.: BA20220593801

Date Filed: 7/29/2022

---

**Entity Details**

| | |
|---|---|
| Corporation Name | SHEIN DISTRIBUTION CORPORATION |
| Entity No. | 4747980 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
|---|---|
| Principal Address | 757 S ALAMEDA ST STE 220 LOS ANGELES, CA 90021 |

**Mailing Address of Corporation**

| | |
|---|---|
| Mailing Address | 757 S ALAMEDA ST STE 220 LOS ANGELES, CA 90021 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
|---|---|
| Street Address of California Office | None |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| Valerie Ho | 757 S ALAMEDA ST STE 220 LOS ANGELES, CA 90021 | Secretary |
| ▬ ~~Bruce Xia~~ | ~~757 S ALAMEDA ST STE 220 LOS ANGELES, CA 90021~~ | ~~Chief Financial Officer~~ |
| GEORGE CHIAO | 757 S ALAMEDA ST STE 220 LOS ANGELES, CA 90021 | Chief Executive Officer |
| ➕ Amanda Cui | 757 S ALAMEDA ST STE 220 LOS ANGELES, CA 90021 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

**Agent for Service of Process**

| | |
|---|---|
| California Registered Corporate Agent (1505) | PARACORP INCORPORATED Registered Corporate 1505 Agent |

**Type of Business**

| | |
|---|---|
| Type of Business | RETAIL SALES |

**Email Notifications**

| | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Valerie Ho, Secretary*
_____
Signature

*07/29/2022*
_____
Date

B0964-9222 07/29/2022 6:17 PM Received by California Secretary of State

# **Exhibit 5**

BA20220792936



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20220792936

Date Filed: 9/1/2022

| Entity Details | |
| --- | --- |
| Corporation Name | SHEIN DISTRIBUTION CORPORATION |
| Entity No. | 4747980 |
| Formed In | DELAWARE |

| Street Address of Principal Office of Corporation | |
| --- | --- |
| Principal Address | 757 S ALAMEDA ST STE 340<br>LOS ANGELES, CA 90021 |

| Mailing Address of Corporation | |
| --- | --- |
| Mailing Address | 757 S ALAMEDA ST STE 340<br>LOS ANGELES, CA 90021 |
| Attention | |

| Street Address of California Office of Corporation | |
| --- | --- |
| Street Address of California Office | None |

### Officers

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| ▣ Amanda Cui | 757 S ALAMEDA ST STE 340<br>LOS ANGELES, CA 90021 | Chief Financial Officer |
| ▣ Valerie Ho | 757 S ALAMEDA ST STE 340<br>LOS ANGELES, CA 90021 | Secretary |
| ▣ GEORGE CHIAO | 757 S ALAMEDA ST STE 340<br>LOS ANGELES, CA 90021 | Chief Executive Officer |

### Additional Officers

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

| Agent for Service of Process | |
| --- | --- |
| California Registered Corporate Agent (1505) | PARACORP INCORPORATED<br>Registered Corporate 1505 Agent |

| Type of Business | |
| --- | --- |
| Type of Business | RETAIL SALES |

| Email Notifications | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

| Labor Judgment |
| --- |
| No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code. |

B1070-0997  09/01/2022  4:27 PM Received by California Secretary of State

Electronic Signature

☒   By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Valerie Ho, Secretary*
Signature

*09/01/2022*
Date

B1070-0998 09/01/2022 4:27 PM Received by California Secretary of State